UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Quintin M. Littlejohn, )
 )
 ) C/A No. 6:13-3154-JMC-KFM
              Petitioner, )
 )
vs. )
 ) **Report and Recommendation**
Barack H. Obama, *President of the United States* )
*of America*, )
 )
 )
             Respondent. )
_____ )

### *Background of this Case*

Petitioner is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, C.A. No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to Petitioner's pleadings for docket control purposes. In the above-captioned case, Petitioner has brought suit against the President of the United States.

Petitioner was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Petitioner currently resides in Gaffney, South Carolina.

In the Complaint, Petitioner alleges or contends:  *(1)* Petitioner is King of Kings; *(2)* Respondent works "the Corruption of Blood" when he uses "the Health Care Agenda" without Petitioner's consent; *(3)* the "insurance part of Obama Care" is repugnant and must be overturned; *(4)* Respondent promised Petitioner that he could keep his health insurance, but Petitioner recently got sick and "the Hospital" would not even take Petitioner's Medicaid; *(5)* the President has acted in treason and is using Petitioner's "god given knowledge" to make himself look good in the polls; *(6)* Respondent has made a promise to the American people that he cannot keep; and *(7)* Respondent has violated the Constitution (ECF No. 1 at 3–4).  In his prayer for relief, Petitioner seeks twenty million dollars and a declaratory judgment.

In the final paragraph of his prayer for relief, Petitioner also seeks return of his "Agenda" for his "A.M.G." and "K-DLL!!!"  (ECF No. 1 at 5).  It can be judicially noticed from two of Petitioner's prior cases that "A.M.G." refers to the Allied Military Government, which governed West Germany from 1945 until the establishment of the German Federal Republic in 1949. *See* Report and Recommendation (ECF No. 8 at 9–10) filed on December 21, 2006, in *Quintin Litttlejohn v. Cherokee County Detention Center, et al.*, C.A. No. 6:06-3459-RBH-WMC; *see also* plaintiff's Answer to Court's Special Interrogatory (Entry No. 2) filed on May 21, 2001, in *Quintin Littlejohn v. Bill Clinton, et al.*, C.A. No. 6:01-2285-13AK, where Petitioner, in response to a Special Interrogatory from this Court, stated that the acronym "K-DLLL" stands for "Kosovo Doctrine Littlejohn Litigation Law."

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Even if this case is treated as an action for damages under the Federal Tort Claims Act, this case is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA, *see* 28 U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979), and there is no indication in the Petition that Petitioner has satisfied the administrative prerequisites for an action under the

FTCA with respect to his request for twenty million dollars in damages. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

Petitioner's challenge to the individual insurance mandate in the Affordable Care Act is foreclosed by the decision of the Supreme Court of the United States in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566 (2012). Secondly, since Petitioner states that he is on Medicaid, he lacks standing to litigate matters pertaining to other persons' private or group insurance under the Affordable Care Act. *See Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enters, Ltd. v. Montgomery Cnty., Maryland*, 401 F.3d 230, 234–36 (4th Cir. 2005) (collecting cases on standing).

This court is regarding the above-captioned case as a civil action raising claims under the *Bivens* doctrine against Respondent. *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983."). In light of some of the relief requested by Petitioner, the court is liberally construing the pleading as also seeking mandamus relief. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969).

The President of the United States is immune from suit with respect to actions taken in his official capacity, such as the signing into law of the Affordable Care Act. *See Nixon v. Fitzgerald*, 457 U.S. 731, 751–52 & n. 32 (1982). Petitioner is not entitled to a writ of mandamus because Presidential decisions to sign, or veto, laws passed the Congress are discretionary acts. *Hall v. Champayne*, C.A. No. 3:11-3219-CMC-PJG, 2012 WL 952874, at *4 (D.S.C. Feb. 27, 2012) (mandamus relief unavailable where official's actions are discretionary), *adopted by* 2012 WL 952873 (D.S.C. Mar. 20, 2012), *aff'd*, No. 12-1459, 2012 WL 2989951 (4th Cir. July 23, 2012).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Petitioner's attention is directed to the important Notice on the next page.

November 22, 2013                           s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).